UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FEB 15 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

GERARD MASTRAPASQUA,

    Plaintiff,

v.

CHASE BANK USA, N.A.

SERVE:   The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
New Castle, DE 19801

    Defendant.

CIVIL ACTION NO.

3:13CV098

## COMPLAINT

COMES NOW the Plaintiff, Gerard Mastrapasqua ("Mastrapasqua" or "Plaintiff"), by counsel, and as for his Complaint against the Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

### PARTIES

3. Plaintiff is a natural person and a "consumer" as defined by the FCRA.

4. Defendant Chase Bank USA, N.A. ("Chase," or "the furnisher") is a national association that regularly conducts business in the Commonwealth of Virginia. At all times

relevant hereto, it was a "furnisher" as defined by FCRA.

## STATEMENT OF FACTS

5. Plaintiff obtained a credit card account with the Defendant with an account number ending in -1475 (the "Account").

6. At some point, Plaintiff fell behind on his payments on the Account.

7. In July 2009, Plaintiff entered into a settlement agreement with the Defendant regarding the Account.

8. Pursuant to this agreement, Plaintiff submitted three payments to the Defendant as full and final settlement of the Account.

9. The Defendant acknowledged that the Account was satisfied in a Mutual Release of All Claims document.

10. In mid-2011, Plaintiff learned that the Account was still listed on his credit report as an unsatisfied debt.

11. Thereafter, Plaintiff notified the three national credit reporting agencies, on multiple occasions, that the account had been paid in full and should be marked as such on his credit report.

12. In response to Plaintiff's disputes, the credit reporting agencies transmitted notice of the disputes to Defendant regarding the accounts in each instance in accordance with their standard investigation procedures.

13. In response to these disputes, Defendant notified the credit reporting agencies that the account was still outstanding.

14. Defendant, in all regards, failed to perform a meaningful and searching inquiry into the substance of Plaintiff's disputes, causing significant damages to him.

15. By way of example only, and without limitation, Defendant's failure to adequately investigate Plaintiff's disputes regarding his status on the accounts resulted in a negative impact on his credit score, causing him to be denied for credit.

## COUNT ONE:
### Violation of 15 U.S.C. § 1681s-2(b)

16. Plaintiff realleges and reincorporates all previous paragraphs as if fully set out herein.

17. Defendant Chase violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) by publishing the inaccurate tradeline within Plaintiff's credit file by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding the same; and by failing to correctly report the results of an accurate investigation.

18. As a result of Chase's conduct, actions, and inaction, Plaintiff suffered actual damages.

19. Chase's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Chase was negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

20. Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

WHEREFORE, Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for pre-judgment and post-

judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**GERARD MASTRAPASQUA**

By: _____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle E. Mason, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com